**UNITED STATES of America,**
**Plaintiff,**

v.

**Buster Dean STREET,**
**Defendant.**

**Crim. A. No. 6831.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 19, 1974.

Tom Dillard, U. S. Asst. Atty., Knoxville, Tenn., for plaintiff.

Willard H. Garland, Erwin, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant moved the Court to correct the sentence imposed upon him herein on May 9, 1974, or, in the alternative to reduce such sentence. Rule 35, Federal Rules of Criminal Procedure. The Court has considered such motion in both alternatives and the grounds urged in its support and is of the opinion that same lack merit.

█ The Court, in a final probation revocation hearing on said date, revoked the defendant's probation. Immediately thereafter, the Court received evidence in a sentencing proceeding and committed Mr. Street to the custody of the Attorney General or his authorized representative for imprisonment for a period of five years on count six of the indictment herein. There was nothing illegal about such sentence.

In such sentencing proceeding, the Court received evidence from Miss Connie Lee Perkins, who testified that on April 15, 1974, the defendant had jerked her off a stool, slapped her twice, stabbed her in her chest, which required 30 surgical stitches, and threatened to kill her. Mr. Street is under indictment for such conduct in a state court. He contends that this subjects him for the same offense to twice be put in jeopardy of life or limb, Constitution, Fifth Amendment. The defendant's conviction herein under count six of the indictment was for the offense of selling a certain automobile, which was moving in interstate commerce, in 1964 within the jurisdiction of this Court, when he knew such motor vehicle had been stolen. Even assuming that the two offenses are the same, any prosecution of Mr. Street by the state of Tennessee for committing an assault and battery upon Miss Perkins would be by a sovereign with an identity different from that of the United States. " * * * [T]he defense of double jeopardy does not bar successive prosecutions where, as here, there is no identity of sovereigns. * * * " *United States v. Synnes*, C.A. 8th (1971), 438 F.2d 764, 773[10].*

█ Mr. Street complains also that he was denied his right to due process of law in the sentencing proceeding, by not being advised in advance that Miss Perkins would be a witness against him, Constitution, Fifth Amendment. Mr. Street had admitted earlier in his probation revocation hearing that he struck Ms. Jeanette Costello with a chair and kicked her in the head, and that when law enforcement officers came to arrest him, Ms. Costello was lying in blood on her apartment floor and bleeding. He was present at the sentencing proceeding and could have resumed the witness stand and explained away Miss Perkins' accusation if he could; he was not entitled to a " * * * trial in any strict or formal sense. * * * " *United States v. Tucker*, C.A. 6th (1971), 444 F.2d 512, 513[1].

---

* *Waller v. Florida* (1970), 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, decided only that successive municipal and state prosecutions are barred where the elements. of the offense are identical, because Florida municipalities are subdivisions of that state and not independent sovereigns.

Prior to the latest sentence of May 8, 1974, Mr. Street had been reinstated on probation once and sentenced with probation to follow on three subsequent occasions. There was no delay between either his conviction or original sentencing or between the respective revocations of his probation and subsequent sentencings.

His motion of September 6, 1974, in both its aspects, hereby is

Denied.