**Buster Dean STREET, Movant,**

v.

**UNITED STATES of America, Respondent.**

No. CIV-2-75-54.

United States District Court, E. D. Tennessee, Northeastern Division.

May 8, 1975.

---

Buster Dean Street, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Street, in custody under sentence of this Court in *United States of America v. Buster Dean Street*, 402 F.Supp. 1258, this district and division, moved the Court to vacate and set aside the sentence therein of May 8, 1974, on the ground that such sentence, when viewed with those therein of April 29, 1965, June 5, 1968 and October 22, 1971, was in excess of the maximum authorized by law. 28 U.S.C. § 2255. The motion and the files in the aforenumbered criminal action show conclusively that the prisoner is entitled to no relief. *Idem.*

Mr. Street pleaded guilty to three offenses under 18 U.S.C. § 2312 and three offenses under 18 U.S.C. § 2313 (the Dyer Act), included in the indictment therein of March 19, 1965. The maximum punishment under each of such six counts was five years, or, in the aggregate of all six counts, 30 years.

In the original sentencing proceeding of April 29, 1965, Mr. Street was committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one year under count one of the indictment, one year under count three thereof, and one year under count five thereof, such sentence under count five to run consecutively to such sentence under count three, and such sentence under count three thereof to run consecutively to such sentence under count one. Imposition of sentences under counts two, four and six were suspended, and Mr. Street was placed on probation for a period of three years to follow such sentence under count five.

Mr. Street's initial probationary period commenced on November 1, 1967 and was to end on October 31, 1970. On June 5, 1968, such probation was revoked. The movant was thereupon recommitted to the custody of the Attorney General or his authorized representative for imprisonment for a term of three years under count three of the in-

dictment. Imposition of sentences under counts four and six thereof was suspended, and Mr. Street was placed on probation for a period of two years and five months, to follow such sentence of re-imprisonment. Mr. Street's second probationary period commenced on November 8, 1970 and was to end on April 7, 1973.

On June 7, 1971, Mr. Street was found guilty of violating the terms and conditions of his probation, but he was reinstated on probation for a period of one year, ten months and one day. His probation was again revoked on October 22, 1971.

On the latter date, Mr. Street was recommitted to the custody of the Attorney General or his authorized representative for imprisonment for a period of one year and one day under count four of the indictment therein. Imposition of sentence under count six thereof was suspended, and Mr. Street was placed on probation for a period of one year and five months, to follow such sentence under count four.

Mr. Street's third period of probation commenced on August 9, 1972 and was to end on January 8, 1974. The Court issued a bench warrant on April 2, 1973 for the probationer's arrest for respective violations of the terms and conditions of his probation on November 6, 1972, February 25, 1973 and February 26, 1973. A magistrate found probable cause on November 8, 1973 for the revocation of such probation. Final hearing on such revocation was assigned for November 27, 1973. On motion of the probationer, such hearing was continued until December 31, 1973. On the latter date, Mr. Street did not appear, and a bench warrant was issued for his arrest. He was arrested thereunder on April 26, 1974, and a final probation revocation hearing was assigned for May 8, 1974.

On the latter date, such probation was again revoked, and Mr. Street was re-recommitted to the custody of the Attorney General or his authorized representative for imprisonment for a period of five years under count six of such indict-

ment (with a jail-time credit of 41 days noted).

Thus, of the maximum aggregate imprisonment allowable under the aforementioned indictment, Mr. Street was committed to serve terms of imprisonment aggregating only 12 years and one day. Of the maximum period of probation of five years allowable, 18 U.S.C. § 3651, Mr. Street's respective periods of probation aggregated only three days less than 31 months. This Court was authorized to " * * * change the period of probation * * * " at the respective times of sentencing, re-sentencing, and re-re-sentencing, so long as the " * * * period of probation, together with any extension thereof, * * * [did] * * * not exceed five years. * * * " *Idem.*

The movant Mr. Buster Dean Street hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the movant give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.