**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Neville M. TUCKER, Defendant-
Appellant.**

**No. 71–1432.**

United States Court of Appeals,
Sixth Circuit.

June 18, 1971.

James A. Crumlin, Louisville, Ky., for defendant-appellant, Frank E. Haddad, Jr., Louisville, Ky., on brief.

Kenneth J. Tuggle, First Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee, George J. Long, U. S. Atty., Louisville, Ky., on brief.

Before WEICK, PECK and BROOKS, Circuit Judges.

PER CURIAM.

Appellant, a Judge of the Police Court of Louisville, Kentucky, pleaded nolo contendere to a three-count information charging him with failure to file federal income tax returns for the years 1964, 1965 and 1966, although his gross income for said years respectively was $24,154.-83, $23,398.00 and $30,229.74. The District Court accepted the plea on November 23, 1970, and found the defendant guilty as charged. He was sentenced to six months' imprisonment on each count, the sentences to run concurrently, and he was fined $500 on each count, payable thirty days after final determination of his income tax liability for the years 1964, 1965 and 1966.

The Court suspended execution of the sentence of imprisonment and placed ap-

pellant on probation for a period of one year, conditioned on his payment of $11,-000 as a credit against his income tax liability for the tax years involved. It was further ordered that during the period of his probation appellant should conduct himself as a law abiding, industrious person and observe such conditions of probation as the Court may prescribe. The conditions of his probation, which were furnished to him, required that he report to the Probation Officer as directed and that he refrain from any violation of law (federal, state and local).

On May 17, 1971, an Official Report was presented to the Court by its Chief Probation Officer, showing violations of the conditions of appellant's probation, which violations included failure to file his income tax return for the year 1970 on or before the date it was due, namely, April 15, 1971, or failure to obtain an extension of time for payment. An order was issued by the Court and served on appellant, requiring him to appear and show cause why his probation should not be revoked for violation of the conditions thereof.

A Memorandum For Revocation Proceedings was prepared by the Chief Probation Officer on May 24, 1971, which indicated that appellant did not timely file his 1970 income tax return due on April 15, 1971, or make a timely request for extension, although on May 14, 1971 he had reported to the Chief Probation Officer that a timely extension had been filed and explained that the extension granted would expire in three days. Appellant did, however, file an income tax return on a 1969 income tax form on May 22, 1971. In his application for extension, which was not filed until April 15, 1971, he did not answer relevant questions therein contained as to whether he had paid the instalments due on his estimated tax return for 1971. The application was returned to him with instructions to complete the answers to the questions and to return it in ten days, which he neglected to do within said period of time.

The District Court conducted a hearing on the show cause order on May 26, 1971, at which hearing the appellant appeared and was represented by counsel. Both appellant and his counsel made statements to the Court. The Court found that appellant had violated the conditions of his probation and entered an order of revocation.

Upon appellate review of an order revoking probation, the question—

"* * * is simply whether there has been an abuse of discretion, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion." Burns v. United States, 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932).

■ Probation of a person convicted of crime is a matter of grace. In a revocation proceeding the accused probationer is entitled to appear and explain away his accusation if he can. He is not entitled to a trial in any strict or formal sense. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935); Whitehead v. United States, 155 F.2d 460 (6th Cir. 1946).

■ We find no abuse of discretion on the part of the District Court in revoking appellant's probation. Appellant did not file his 1970 income tax return or pay his taxes on or before April 15, 1971, when due, as required by law (26 U.S.C. § 7203), nor had he procured an extension of time for the filing thereof. He was thus committing acts similar to those which brought about his previous conviction.

■ We are not required to consider and determine questions not presented to the District Court.

Appellant has filed a motion to remand so that he may present to the District Court alleged newly discovered evidence to the effect that subsequent to the revocation of his probation, namely, on June 4, 1971, the Director of Internal Revenue granted to him an "extension of time to file his federal income taxes up to and including June 15, 1971." The District Court, at the time of the revocation hear-

**514**

ing, was aware of the fact that appellant had filed a belated return on May 22, 1971, on a form applicable to the previous year.

 Appellant must address any motion to reinstate his probation to the District Court. It is not necessary that we remand for that purpose, as the District Court already has jurisdiction to hear such a motion if it is filed. The District Court is not required to apply to us for a remand unless prior to our remand it decides to reinstate his probation. *Cf.* United States v. Lee, 428 F.2d 917, 923 (6th Cir. 1970). The motion to remand is therefore denied.

The judgment of the District Court is affirmed.