**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph J. SHAPIRO, Defendant-
Appellant.**

**No. 73-1670.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 5, 1973.

Decided Feb. 6, 1974.

Robert L. Sloss, Jon L. Fleischaker, Wyatt, Grafton & Sloss, Laurence E. Higgins, Louisville, Ky., on brief, for defendant-appellant.

Margaret A. Cotter, U. S. Dept. of Justice, for plaintiff-appellee; George J. Long, U. S. Atty., A. Duane Schwartz, Asst. U. S. Atty., Gregory B. Hovendon, Chief, Consumer Affairs Section, Anti-Trust Div., U. S. Dept. of Justice, Washington, D. C., on brief; Peter Barton Hutt, Asst. Gen. Counsel, Joanne S. Sisk, Chief, App. and Sp. Proceedings Branch, Barbara L. Spivak, Atty., Office of the Gen. Counsel, Food and Drug Div., Dept. of Health, Ed. and Welfare, Rockville, Md., of counsel.

Before EDWARDS and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the District Court's order revoking defendant-appellant's probation and imposing a sentence of six months imprisonment.

Appellant Shapiro is the former co-owner of the Tasty Cookie Company, holding the positions of president and sales manager. His partner Yandell O'Koon was secretary-treasurer and production manager. After charges of violating the Food, Drug and Cosmetic Act, 21 U.S.C. § 331(a) & (k) (1970), were filed in an information both men pled

guilty to four counts involved in those charges and nolo contendere to one count. Each defendant was fined three hundred dollars on each count and was given a probated two-year sentence ". . . with the condition that the defendant conduct his food handling in accordance with the Federal Food, Drug and Cosmetic Act." After the probation order was entered, the plant was closed for a one-month period for cleaning purposes and reopened in mid-January 1973. The men also agreed to sell the plant and in early February a prospective purchaser, Red River Industries, was found. Negotiations with Red River proceeded but in the meantime disagreements arose between the partners, and in late March Shapiro bought out his partner in order to complete the sale to Red River. During the subsequent negotiations Red River hired a man named Reed to take charge of Tasty's production. Six days after hiring Reed, Red River signed a formal agreement with appellant giving the "operations and management" to Red River effective April 10. On April 18, a stock purchase agreement reciting the undertakings of the parties in great detail was signed. Final closing occurred on April 27 but just prior to the closing date, on April 23–24, an FDA inspector examined the Tasty premises and found them to be in noncompliance with the FDA regulations in that they were accessible to and infested with vermin.

Armed with the inspection's results, the FDA petitioned the District Court to revoke Shapiro's probation and, after a hearing, the court found Shapiro had violated the terms of probation and imposed a six months incarceration. No action was taken against Shapiro's former partner since his resignation preceded the April 23–24 inspection of the company by the FDA.

▮▮▮ As a point of departure, we note that it is well settled that a trial court has discretion to revoke an order of probation and that, upon review, an appellate court must determine whether that discretion was abused. Burns v. United States, 287 U.S. 216, 53 S.Ct.

154, 77 L.Ed. 266 (1932); United States v. Tucker, 444 F.2d 512 (6th Cir. 1971), cert. denied, 404 U.S. 1048, 92 S.Ct. 711, 30 L.Ed.2d 739 (1972). Our review of the record convinces us that the District Court did not abuse its discretion in revoking the appellant's probation.

The record clearly establishes that not only was Shapiro given adequate notice as to the type of activity proscribed by the terms of his probation but also it is clear that the terms of the probation were neither vague nor uncertain. Further, there is more than sufficient evidence for the District Court to reasonably conclude that Shapiro had not complied with the terms of his probation. The record is replete with evidence, testimonial and demonstrative, that food products continued to be produced under unsanitary conditions in a vermin infested plant. The results of the April 23–24 inspection clearly reflect that there was a continuing lack of interest in plant sanitation and that the promised correction of unsanitary conditions was not met with adequate attempts to fulfill those promises.

At the revocation hearing Shapiro did not contest any factual matters relating to the condition of the plant nor did he dispute that the conditions violated the Act. His only defense was that he was not responsible for the discovered violations because he was no longer a responsible officer of the company. He maintains that although legal title to the plant did not pass until the closing date of April 27, equitable title passed to Red River pursuant to the April 10 agreement and that transfer was sufficient to absolve him of responsibility for the violations. In support of this contention, Shapiro relies on Hamilton v. United States, 219 F.2d 364 (10th Cir. 1955). In that case Hamilton had been previously placed on probation for violating certain federal income tax laws. At the time he owned a 51 percent partnership interest in a pharmacy and subsequent to the imposition of the probated sentence, in a separate proceeding, the pharmacy and his partner were indicted

and convicted for violations of the Federal Food, Drug and Cosmetic Act. However Hamilton was not indicted inasmuch as he exercised no control over the pharmacy's management and relied upon auditor's reports for information regarding the business' operation. Despite this, the trial court revoked his probation. On appeal, the Tenth Circuit concluded that under the circumstances there was no proof that the defendant had committed any violation of the Act and therefore it was an abuse of discretion to revoke his probation.

Hamilton is inapposite on its facts. Here Shapiro held the same corporate title on the date of the inspection that he held on the date he entered the guilty pleas to violating the Act. During that period his ownership of the corporate assets actually increased from 50% to 100%. In his capacity as president of the company and owner of all the assets, Shapiro had the power and the authority to devise whatever measures were necessary to assure compliance with the FDA regulations. There was no need for him to continue producing cookies under unsanitary conditions. He could have shut down the plant until the company was sold and new ownership could assume complete and unobstructed control. He could have required Red River, in the April 10 agreement, to assure that adulterated food products from the Tasty plant would not be made available to the consumer. Or he could have completely and adequately cleaned the plant. It is clear that appellant failed to implement adequate safeguards at any time.

Of course, neither physical presence nor personal participation is required for a finding of criminal responsibility under the Act. United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943); United States v. Cassaro, Inc., 443 F.2d 153 (1st Cir. 1971); United States v. Parfait Powder Puff Co., 163 F.2d 1008 (7th Cir. 1947), cert. denied, 332 U.S. 851, 68 S.Ct. 356, 92 L.Ed. 421 (1948). Shapiro admits that he made several visits to the plant after the April 10 agreement and he had adequate opportunity to observe the conditions.

The appellant also contends that the sentence imposed by the District Court is harsh considering the facts of the case and Shapiro's advanced age. Until there has been an application to the District Court and either a denial of the application or a failure to act thereon, this Court has no basis on which it may review the matter. Glouser v. Van Alstine, 313 F.2d 199 (8th Cir. 1963), cert. denied, 374 U.S. 857, 83 S.Ct. 1902, 10 L.Ed.2d 1077. Accordingly, the appellant's arguments as to this issue should properly be directed to the District Court in the form of a motion to reduce sentence pursuant to Rule 35, Fed.R.Crim.P.

The judgment of the District Court is affirmed.