536 F.2d 678
 Sven Pete TIITSMAN, Petitioner-Appellant,
v.
Harold BLACK, Warden, Respondent-Appellee.
 No. 75-1682.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 1, 1975.
Decided June 10, 1976.
 
 Nicholas J. Pantel, Cincinnati, Ohio (Court-appointed), for petitioner-appellant.
 Edward W. Hancock, Atty. Gen. of Kentucky, Raymond M. Larson, Frankfort, Ky., for respondent-appellee.
 Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.
 PECK, Circuit Judge.
 
 
 1
 Petitioner-appellant appeals from the district court's denial of his petition for a writ of habeas corpus. We affirm.
 
 
 2
 Appellant on November 17, 1972, pleaded guilty in state court to receiving two pistols knowing them to have been stolen, and was sentenced to five years' imprisonment. Appellant, however, immediately moved the court "to withhold rendition of the judgment" (probation), which the court granted, in appellant's absence, on February 8, 1973,[1] "on the condition that (appellant) remain on his good behavior and refrain from further trouble for a period of five years." On February 20, 1973, appellant was arrested and charged with grand larceny auto and possession of stolen property; appellant on May 1, 1973, pleaded guilty to the misdemeanor of being an accessory after the fact of grand larceny auto. On May 7, 1973, the commonwealth filed its motion to revoke probation, citing the arrest and charges, and on July 25, 1973, the state court granted the commonwealth's motion, committing appellant to five years' imprisonment.[2] Though accepting appellant's claim that he was unaware that he had been placed on probation, and necessarily the conditions thereof, the state court of appeals sustained the revocation of probation.
 
 
 3
 "(W)e cannot accede to appellant's view that his subsequent commission of crime must be ignored . . . in a revocation hearing. Every person on probation or who has a motion for probation pending must be charged with knowledge that subsequent criminal behavior may have some bearing on his probation or his motion for probation. . . . (Appellant's) knowledge of whether his motion for probation had been sustained or was still pending was immaterial for in either event the court had every right to consider his subsequent criminal behavior in determining on the one hand whether to grant the probation or on the other whether to revoke it if it had already been granted." 509 S.W.2d 275, 276 (Ky.1974).
 
 
 4
 Appellant thereafter filed the instant petition for a writ of habeas corpus, claiming that the revocation deprived him of his "conditional liberty" of probation, see Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Morrissey v. Brewer, 408 U.S. 471, 480-482, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494-495 (1972), without due process of law because he had "not (been) sufficiently apprised of the standards of conduct required of him and the consequences of deviation from said standard(s). . . . and (because) had (he) known that he was on probation and had he known the conditions of probation, he could have conducted himself accordingly." The district court, however, rejected the petition.[3]
 
 
 5
 "(E)ven if he may not have had direct knowledge that he was on probation, any reasonable person should recognize that punishable criminal conduct could not be excused. It would . . . (elevate) formality over common sense, if probation could not be revoked in such a case for the commission of a crime merely because no one specifically admonished him not to commit a crime . . . ."
 
 
 6
 On appeal, appellant claims that the district court should have granted habeas corpus relief because placing him on probation in his absence violated due process. Alternatively, but only implicitly, appellant claims that, assuming he was constitutionally placed on probation, revoking his probation for subsequent criminal activity violated due process where he was informed of neither his probation nor the conditions thereof.
 
 
 7
 Axiomatically, federal habeas corpus relief is available to appellant "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (1970); Rose v. Hodges, 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975), citing Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963); Combs v. State of Tennessee, 530 F.2d 695 (6th Cir.1976); Roddy v. Black, 516 F.2d 1380, 1382-83 (6th Cir.1975). Appellant's claim that probating him, in absentia, violated Ky. Rule Crim.P. 8.28 cannot underlie habeas corpus relief. Hodges, supra; Combs, supra.
 
 
 8
 Assuming, without deciding, that placing appellant on probation, in absentia, was constitutionally invalid,[4] appellant would still be constitutionally in custody pursuant to the five-year sentence imposed on November 17, 1972. Cf. Gaddis v. United States, 280 F.2d 334, 336 (6th Cir.1960); Whitehead v. United States, 155 F.2d 460, 461 (6th Cir.), cert. denied, 329 U.S. 747, 67 S.Ct. 66, 91 L.Ed.2d 644 (1946).
 
 
 9
 Alternatively, assuming that appellant was properly placed on probation, we observe that state and lower federal courts have wide discretion in revoking probation. See, e. g., United States v. Shapiro, 491 F.2d 335, 336 (6th Cir.1974); United States v. Tucker, 444 F.2d 512, 513 (6th Cir.1971), cert. denied, 404 U.S. 1048, 92 S.Ct. 711, 30 L.Ed.2d 739 (1972). On habeas corpus, the "sole issue . . . (then becomes) whether the state trial judge (so) abused his discretion in revoking (appellant's) probation. . . . (that the) abuse of discretion . . . reaches constitutional magnitude." Pickens v. State of Texas, 497 F.2d 981, 982 (5th Cir.), cert. denied, 419 U.S. 880, 95 S.Ct. 145, 42 L.Ed.2d 120 (1974).
 
 
 10
 Even if appellant were uninformed of his probationary status and the conditions thereof, we find no gross abuse of discretion "reach(ing) constitutional magnitude." The Supreme Court has established that the issue in probation revocation is
 
 
 11
 "whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. . . .
 
 
 12
 "The duty placed upon the probation officer to furnish to each probationer under his supervision 'a written statement of the conditions of probation' . . . cannot be deemed to restrict the court's discretion in modifying the terms of probation or in revoking it. . . .
 
 
 13
 "The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion." Burns v. United States, 287 U.S. 216, 221-222, 53 S.Ct. 154, 156, 77 L.Ed.2d 266, 269-270 (1932).
 
 
 14
 Davis v. Parker, 293 F.Supp. 1388 (D.Del.1968), in sustaining probation revocation against post-conviction challenge, rejected claims similar to appellant's.
 
 
 15
 "The contentions of petitioner rest principally upon a misconception of the power of the Court to revoke probation . . . . Petitioner assumes that the Court may only revoke probation for acts done by petitioner while he was knowingly on probation. But the power to revoke probation is not so circumscribed. . . .
 
 
 16
 "(P)robation may be revoked for cause if a court is satisfied after a hearing that a defendant's conduct has been such that the ends of justice and the interest of society and the defendant will be served by the revocation. It is not a prerequisite to such a revocation that the conditions of probation be actually operative at the time . . . or for a defendant to know that he is on probation. The mere failure of a defendant to receive notice of the actual commencement of probation does not prevent a court from revoking his probation for good cause." 293 F.Supp. at 1391-92.
 
 
 17
 Courts have often sustained the revocation of probation for criminal activity committed prior to defendants going on probation even though the defendant, not yet being on probation, could not technically violate a condition of probation. See, e. g., United States v. Ross, 503 F.2d 940 (5th Cir.1974); Wright v. United States, 315 A.2d 839 (D.C.App.1974); Martin v. State, 243 So.2d 189 (Fla.App.), cert. denied, 247 So.2d 63 (Fla.1971). Similarly, had appellant engaged in criminal activity prior to February 8, 1973, which of course could not technically constitute a violation of a condition of probation (appellant not yet being placed on probation), and had the state court granted probation on February 8, 1973, unaware of the prior criminal activity, the subsequent revocation of probation for criminal misconduct predating probation would clearly have been constitutional. See United States ex rel. Sole v. Rundle, 435 F.2d 721 (3rd Cir.1971).
 
 
 18
 In sustaining the revocation against constitutional challenge, we do not imply that probation may be constitutionally revoked for violating any condition of probation regardless of whether the probationer has had notice of his probationary status and of the conditions thereof. Where an act or omission, otherwise lawful, is reprehensible only because it violates a condition of probation, such as failing to report "arrests" (Douglas v. Buder,412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973)), failing to report personally and to report changes of address to government officials (United States v. Foster, 500 F.2d 1241 (9th Cir.1974)), or attending horse races (United States v. Queen, 529 F.2d 518 (4th Cir. 1976)), then notice of the probationary status and the conditions thereof would be constitutionally required to underlie probation revocation based on violating those conditions. Cf. Bouie v. City of Columbia, 378 U.S. 347, 362, 84 S.Ct. 1697, 1707, 12 L.Ed.2d 894, 905 (1964); Whitehead, supra, 155 F.2d at 462.
 
 
 19
 Affirmed.
 
 
 
 [1]
 Originally, the state court was to have ruled on the motion on January 11, 1973, but because appellant was then absent delayed its ruling until February 8, 1973. Appellant's attorney was present in court on both January 11 and February 8
 
 
 [2]
 The state court earlier (on June 22, 1973) had sustained the motion to revoke, but four days later vacated that order because appellant had not been afforded procedural due process prior to revocation. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). There is no claim that the revocation hearing underlying the revocation order of July 25, 1973, failed to comport with Scarpelli, supra
 
 
 [3]
 The district court had earlier rejected the petition, but in doing so relied, in part, on erroneous state court records reflecting that appellant was present in court on February 8, 1973. This court vacated the denial and remanded; the district court thereafter considered the petition on corrected state court records reflecting that appellant was not present on February 8
 
 
 [4]
 To hold that placing appellant on probation, in absentia, was constitutionally invalid, we would have to find that the court was thereby sentencing him rather than "reducing" the earlier imposed five-year committed sentence, compare United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963), with United States v. Birnbaum, 421 F.2d 993 (2d Cir.), cert. denied, 397 U.S. 1044, 90 S.Ct. 1363, 25 L.Ed.2d 655 (1970), that he has a constitutional right to be present at sentencing, see Thompson v. United States, 495 F.2d 1304, 1306-07 n. 5 (1st Cir.1974), Note, Procedural Due Process at Judicial Sentencing for Felony, 81 Harv.L.Rev. 821 (1968), cf. United States v. Leavitt, 478 F.2d 1101 (1st Cir.1973) (common law and Fed.R.Crim.P. 43 right to be present at sentencing), but cf. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (failure of district judge to afford defendant right of allocution not constitutional error), and that he either could not or did not waive his constitutional right to be present by voluntary absence, see Annot., Voluntary Absence of Accused When Sentence is Pronounced, 6 A.L.R.2d 997 (1949), compare Byrd v. Hopper, 405 F.Supp. 1323, 1327-28 (N.D.Ga.1976), Byrd v. Ricketts, 233 Ga. 779, 213 S.E.2d 610, cert. denied, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975), and People v. Rife, 18 Ill.App.3d 602, 310 N.E.2d 179 (1974), with State ex. rel. Boner v. Boles, 148 W.Va. 802, 137 S.E.2d 418 (1964) (dictum). Because we assume, for present purposes, that placing appellant on probation, in absentia, was constitutionally invalid, we, of course, need not and do not decide these three subsidiary issues