Bobby James ROBERTS, Appellant,

v.

John MANSON, Manager, John Smith, Assistant Manager, City of Little Rock Material Yard, Little Rock, Arkansas, Appellees.

No. 88–1094.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1989.

Decided June 6, 1989.

Lisa K. Thompson, Little Rock, Ark., for appellant.

Alice Sprinkle Gray, Little Rock, Ark., for appellees.

Before LAY, Chief Judge, ARNOLD and BOWMAN, Circuit Judges.

LAY, Chief Judge.

Bobby James Roberts filed a Civil Rights Act claim against John Manson and John Smith, manager and assistant manager of a division of the Public Works Department of the City of Little Rock, Arkansas. Roberts asserts his first and fourteenth amendment rights were violated because he was discharged as a laborer for the city without a pre-termination or post-termination hearing. 42 U.S.C. § 1983 (1982).

Roberts filed a pro se complaint while he was incarcerated in the Arkansas Depart-

ment of Corrections. The office of the clerk of the district court sent Roberts a notice and consent form which would allow Roberts to consent to final disposition of his civil case before a United States magistrate pursuant to 28 U.S.C. § 636(c) (1982 & Supp. IV 1986). Roberts responded with a letter refusing consent and stating that he wanted his case heard by a United States district court judge.

Subsequently, an order was entered stating that pursuant to Local Rule 23, the matter was referred to the magistrate [1] for determination of all pre-trial matters. At that time the only motion pending was a request for appointment of counsel. The magistrate denied the motion to appoint counsel and proceeded to schedule an evidentiary hearing.

The magistrate heard evidence and arguments on both sides, entered proposed findings, and recommended that the complaint be dismissed with prejudice. Roberts submitted written objections to the findings and recommendation, and the district court [2] entered an order summarily adopting the magistrate's findings, thereby dismissing Roberts' complaint with prejudice. Roberts now appeals and claims that this case was improperly referred to the magistrate for trial on the merits. We agree, and reverse and remand for a new trial before a United States district court judge.

Although the record is not clear under which provision of the statute this case was referred to the magistrate, this court finds that jurisdiction was not proper under any of the provisions of 28 U.S.C. § 636 (1982 & Supp. IV 1986). It is beyond question that magistrates are not article III judges and therefore have jurisdiction only pursuant to statute. *See Wingo v. Wedding,* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974).

Section 636(c)

█ Under section 636(c) the magistrate may be referred civil matters for *final disposition* with the consent of the parties. In this case, Roberts did *not* give his con-

---

1. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas.

2. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

sent, nor did the magistrate make a final determination. Therefore, jurisdiction was not proper under section 636(c).

### Section 636(b)(1)(A)

■ Section 636(b)(1)(A) allows *pre-trial* matters to be referred to a magistrate to be heard and determined. However, the magistrate in this case did not just hear pre-trial matters. He conducted an evidentiary hearing which amounted to a trial on the merits. Such a hearing necessarily requires fact-finding and credibility assessment by the magistrate.

### Section 636(b)(1)(B)

■ Section 636(b)(1)(B) allows a judge to refer to a magistrate prisoner petitions challenging conditions of confinement and applications for criminal post-trial relief. In both situations the magistrate may conduct evidentiary hearings and submit proposed findings and recommendations. Although Roberts was a prisoner at the time he filed his complaint, his claim was unrelated to his criminal conviction or the conditions of confinement. Therefore, it is clear jurisdiction was lacking under this section.

### Section 636(b)(3)

■ Finally, section 636(b)(3) provides a magistrate may perform additional duties not inconsistent with the federal Constitution and laws. This section appears on its face to be an all-inclusive authority for delegation of duties to a magistrate. However, this court has read this section as being limited by the accompanying provisions and the overall structure of section 636(b). *United States v. Trice*, 864 F.2d 1421, 1428 (8th Cir.1988). As we have stated:

> The structure of section 636(b) implies both a timeline and a diversity of character belonging to the different authorizations granted to magistrates under the Act. * * * [S]ubparagraph (A) governs all pretrial matters, but a broad reading of the additional duties provision renders subparagraph (A) superfluous, suggesting that the "additional duties" provision

is intended for matters after the trial begins.

*Id.* at 1428.

Subparagraph (B) authorizes the delegation of a limited list of specific powers. The power to hold an evidentiary hearing in this case would be equivalent to those powers specifically listed in (B). However, no authority to conduct an evidentiary hearing in this case is delineated in (B). Therefore, since such a power is not specifically listed in (B) it seems unlikely that Congress intended it to be authorized under the "additional duties" provision of section 636(b)(3).

The legislative history of section 636(b)(3) does not clearly delineate the duties intended to be within the scope of "additional duties." However, it does imply that the provision was intended to apply only to procedural and administrative matters.

> Under this subsection, the district courts would remain free to experiment in the assignment of other duties to magistrates which may not necessarily be included in the broad category of "pretrial matters". This subsection would permit, for example, a magistrate to review default judgments, order the exoneration or forfeiture of bonds in criminal cases, and accept returns of jury verdicts where the trial judge is unavailable. This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as the appointment of attorneys in criminal cases and assistance in the preparation of plans to achieve prompt disposition of cases in the court.

H.R.Rep. No. 1609, 94th Cong., 2d Sess. 12, *reprinted in* 1976 U.S.Code Cong. & Admin. News 6162, 6172.

The legislative history does reveal the purpose of the "additional duties" provision:

> If district judges are willing to experiment with the assignment to magistrates of other functions in aid of the business of the courts, there will be increased time available to judges for the careful and unhurried performance of their vital and *traditional adjudicatory duties,* and a

consequent benefit to both efficiency and the quality of justice in the Federal courts.

*Id.* (emphasis added).[3] This court recently determined that a magistrate's conducting of the jury voir dire in a felony case was within the traditional adjudicatory duties of a judge, and was not intended to be referred to a magistrate under section 636(b)(3) as an additional duty. *Trice*, 864 F.2d at 1429. The actual trial of a case on the merits is also a "traditional adjudicatory duty" of a trial judge, which would not seem to be included in "additional duties."

Congress has been careful to delineate when magistrates may hold evidentiary hearings. With three exceptions, "Congress has been careful to retain fact-finding functions in district judges." *Banks v. United States,* 614 F.2d 95, 98 (6th Cir. 1980). The exceptions are evidentiary hearings in habeas corpus cases, hearings in prisoner suits challenging conditions of confinement, and all proceedings in civil cases by *consent* of the parties. 28 U.S.C. § 636(c). This case clearly does not fall within any of these exceptions.

In *Banks v. United States,* 614 F.2d 95 (6th Cir.1980), the Sixth Circuit found that the district court could not refer a probation revocation hearing to a United States magistrate under section 636(b)(3). The court reviewed the legislative history and the statutory scheme of section 636. The court stated that, "[t]he plain language of the statute's express provisions demonstrates that Congress was careful to limit referrals to a magistrate. Only certain carefully defined matters can be referred." 614 F.2d at 97. *Banks* rejected the argument that probation revocation hearings were "additional duties" within section 636(b)(3). The court found that "[t]he statute clearly contemplates that a magistrate be allowed to help a district judge with a variety of pre-trial motions. However, ab-

sent consent, the magistrate cannot conduct a trial [herself]." *Id.*

Congress specifically commanded that "neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate." 28 U.S.C. § 636(c)(2). In *Wingo v. Wedding,* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), the Supreme Court stated that "[w]here Congress gave magistrates authority to conduct hearings, the authority was express and circumscribed with procedural safeguards." *Id.* at 470 n. 11, 94 S.Ct. at 2848 n. 11. The Court in *Wingo* held that federal magistrates were not authorized to conduct evidentiary hearings in federal habeas corpus cases. In response to *Wingo,* Congress expanded magistrates' authority in 1979 by allowing magistrates to conduct civil and criminal misdemeanor trials with the *consent* of the parties. 28 U.S.C. § 636(c).

The Seventh Circuit found that a *consensual* reference of a civil suit to a magistrate for trial on the merits is proper, where the district court review is de novo and the proposed findings and recommendations are filed with the court. *Muhich v. Allen,* 603 F.2d 1247 (7th Cir.1979). However, in this case no consent was given, and in fact it was expressly withheld.

Consent is a necessary prerequisite to the referral of a district court case to a magistrate for disposition on the merits of the case. *Muhich,* 603 F.2d at 1251–52 (7th Cir.1979) (consensual referral of civil jury trial to magistrate was proper); *Hill v. Jenkins,* 603 F.2d 1256, 1258 (7th Cir.1979) (nonconsensual referral of civil case to magistrate for trial was improper); *DeCosta v. Columbia Broadcasting Sys., Inc.,* 520 F.2d 499, 504–05 (1st Cir.1975), *cert. denied,* 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976) (consensual referral of civil case to magistrate was proper). In the 1979 amendments to section 636 the

---

**3.** In *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), the Supreme Court held that this section authorizes district courts to refer social security cases to magistrates for preliminary review of the closed administrative record. The magistrate's recommendation to

the court is confined to whether or not there is substantial evidence to support the Secretary's decision. The final decision remains with the judge, who has discretion to review the record de novo.

legislative history reveals congressional concern that consent is a prerequisite to referral of a case to a magistrate for trial on the merits. *See, e.g.,* 125 Cong.Rec. 16,449 (1979) (statement of Mr. Danielson); *id.* at 26,819, 26,820–21 (statement of Mr. Kastenmeier). One of the issues contained in the congressional conference agreement was the necessity for consent by the parties. "First, with regard to the magistrates' authority to try civil cases, the conference substitute makes clear that the free and voluntary consent of the parties is required before a civil action may be referred to a magistrate for a final decision." 125 Cong.Rec. at 26,821.

We cannot infer that Congress intended to include nonconsensual evidentiary hearings as "additional duties," under section 636(b)(3). Therefore, we find the magistrate was without jurisdiction to hold an evidentiary hearing and adjudicate the merits of petitioner's case. We remand the case for a new trial before the district court.