51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert GALLAGHER, Defendant-Appellant.
 No. 94-3833.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 Before: JONES, CONTIE and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Robert Gallagher appeals a judgment ordering the revocation of his probation. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Robert Gallagher pleaded guilty to, and was found guilty of, one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Secs. 922(g) and 924(a)(2). The court sentenced Gallagher to a one year period of probation.
 
 
 3
 In August 1994, the district court conducted an evidentiary hearing following charges that Gallagher violated one or more conditions of his probation. The court heard evidence from both sides, Gallagher represented by counsel, and concluded that Gallagher had in fact violated his probation. The court sentenced Gallagher to a ten (10) month term of incarceration. This appeal followed. The parties have briefed the issues and have waived oral argument.
 
 
 4
 Gallagher's probation was subject to several conditions. One of these special conditions was that:
 
 
 5
 (4) The Defendant shall participate in a program of testing and treatment of alcohol abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer.
 
 
 6
 In July of 1994, a probation officer notified the district court that Gallagher violated one of the conditions of his probation, that is, Gallagher was using controlled substances and he did not complete a substance abuse treatment program. Additional related charges were later filed and a hearing date was set.
 
 
 7
 The district court heard testimony at the evidentiary hearing from the head of Gallagher's assigned treatment program (Parker), a Morrow County [Ohio] deputy sheriff (Chalfant), Gallagher's probation officer and Gallagher himself. This testimony paints a vivid picture of Robert Gallagher as a thoroughly recalcitrant individual. The direct testimony from Parker, in part, was that Gallagher was terminated from the treatment program owing to his poor attitude, performance and attendance. Parker further elaborated on Gallagher's repeated refusal to cooperate with his evaluation or any other aspect of the treatment program. Chalfant testified that, when he went to Gallagher's dwelling to arrest him on a domestic violence charge, he saw Gallagher drinking alcohol, brandishing a knife and threatening to kill himself. The hearsay adduced, the testimony which lies at the heart of the present appeal, was Parker's assertion that Gallagher had left threats of lawsuits with others and that he was not coming back because the program was too long.
 
 
 8
 The district court found Gallagher guilty of violating special condition four of his probation. The court noted that Gallagher had exhibited an "extremely poor attitude" and was "resistant to participation" in the assigned treatment program, that he was noncompliant, belligerent, unmotivated and abusive to the program administrators. The court proceed to order his probation revoked and to sentence Gallagher to a ten (10) month term of imprisonment.
 
 
 9
 Counsel for Gallagher assigns as error the admission of the hearsay about Gallagher's threatened lawsuits. Counsel contends that this was the pivotal testimony in the revocation decision and was a clear deprivation of Gallagher's due process right to confront witnesses against him.
 
 
 10
 The assignment of error is completely lacking in merit. A district court is authorized to revoke a sentence of probation at any time prior to expiration of the term if it finds that the individual violated a condition of probation. 18 U.S.C. Sec. 3565(a). Revocation proceedings are not criminal in nature and the government is not required to prove the fact of the violation beyond a reasonable doubt. United States v. Brown, 899 F.2d 189, 193 (2d Cir.1990). The district court need only be reasonably satisfied that the violation occurred. United States v. Smith, 571 F.2d 370, 372 (7th Cir.1978) (per curiam). This court reviews the revocation decision for an abuse of discretion. Tiitsman v. Black, 536 F.2d 678, 681 (6th Cir.1976); accord United States v. Stephenson, 928 F.2d 728, 731 (6th Cir.1991) (supervised release). A reviewing court will not disturb a decision for an abuse of discretion unless it is firmly convinced that a mistake has been made. In re Bendectin Litig., 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 11
 Although the rules of evidence do not apply to probation revocation proceedings, Fed.R.Evid. 1101(d)(3), the defendant does enjoy minimal due process protections. Among these procedural protections are notice, disclosure of the evidence against the probationer, an opportunity to appear and offer evidence, the right of cross-examination, and the right to counsel. Fed.R.Crim.P. 32.1(a)(2). A defendant may cross-examine witnesses against him, but the trial judge is free to consider "reliable hearsay" as the proceedings as more flexible than trials. Stephenson, 928 F.2d at 732.
 
 
 12
 The above outline of procedure and protections makes clear the defendant's tenuous position on appeal. There is, initially, ample evidence in the record before the court to support the district court's decision even if the hearsay evidence had never been offered or admitted. The evidence clearly supports the district court's assertion that Gallagher's continued presence in the assigned treatment program would be a waste of time while depriving some other individual of a much-needed opportunity to undertake legitimate steps to conform to societal norms. In addition the hearsay in question, that Gallagher threatened to file vexatious lawsuits, appears completely "reliable" in this context. A cursory computer-assisted legal research session revealed nineteen separate appeals before this court filed by Gallagher in previous actions. A sampling of the cases on this list shows Gallagher's penchant for reflexive, abusive filings against those with whom he has disagreements. The revocation decision was most assuredly not a mistake. This appeal lacks merit.
 
 
 13
 Accordingly, the district court's decision is affirmed.