### In re the GRAND JURY APPEARANCE OF William C. CUMMINGS.

#### No. 85–GJ–25.

United States District Court,
W.D. Wisconsin.

Aug. 9, 1985.

---

Grant Johnson, Asst. U.S. Atty., Madison, Wis., for Government.

Ralph Kalal, Madison, Wis., for Witness Cummings.

## ORDER

CRABB, Chief Judge.

This is an objection to and appeal from an order of United States Magistrate James Groh directing witness Cummings to testify before the grand jury and granting him immunity from prosecution based on his testimony. Cummings contends that the magistrate lacked the authority to enter such an order, and that the order is therefore null and void.

■ The Federal Magistrates Act, 28 U.S.C. §§ 631–639, governs the authority and duties of United States magistrates. "In § 636, Congress authorized magistrates to act in three categories of matters. They may hear and determine all varieties of procedural pretrial motions in both criminal and civil cases, with only a few enumerated exceptions, subject to review by the district court on a "clearly erroneous and contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). They may hear and submit proposed findings and recommendations on the matters excepted in (b)(1)(A), such as motions for injunctive relief or summary judgment, as well as applications for post-trial relief and prisoner petitions challenging conditions of confinement, with their recommendations subject to *de novo* review by a district judge. 28 U.S.C. § 636(b)(1)(B). Finally, magistrates may be assigned and may perform such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3). A magistrate's decision on a matter assigned under § 636(b)(3) must be subject to *de novo* determination by the district court. *Aluminum Co. of America, Badin Works, Badin, North Carolina v. United States Environmental Protection Agency,* 663 F.2d 499, 502 (4th Cir. 1981); *Hill v. Duriron Co.,* 656 F.2d 1208, 1214 (6th Cir.1981); *United States v. Miller,* 609 F.2d at 339–40.

■ The government argues that the magistrate had authority to issue the order under both 28 U.S.C. § 636(b)(1)(A) and § 636(b)(3), but as Cummings points out, § 636(b)(1)(A) applies only to pretrial matters and grand jury proceedings cannot be considered to be "pretrial matters." Grand juries play an investigatory role. Although they occur prior to trial, and may lead to a trial, they are entirely separate from trial proceedings. Some grand jury proceedings may never result in an indictment, or may extend well beyond the scope of any eventual indictment. *See Blair v. United States,* 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1919); *see generally* Kamisar, W. La-Fave & J. Israel, Modern Criminal Procedure, at 712–718 (5th ed. 1980). It is not likely that Congress intended to include matters arising in grand jury proceedings within the category of "pretrial matter[s]" that a magistrate may hear and determine under 28 U.S.C. § 636(b)(1)(A).

■ If there is authority for the magistrate's handling of immunity requests, it must have its source in the "additional duties" language of subdivision (b)(3) of § 636. The threshold question is whether, in enacting (b)(3), it was Congress' intent to authorize magistrates to issue immunity orders. The legislative history indicates that this provision incorporates only proce-

dural and administrative matters. *Banks v. United States,* 614 F.2d 95, 97–98 (6th Cir.1980). In *Banks,* the court held that § 636(h)(3) does not authorize a magistrate to handle a probation revocation and resentencing, because those matters are not administrative or procedural matters. Rather, they are adjudicative functions requiring factfinding, credibility assessment, and the exercise of discretion. In the court's view, subdivision (b)(3) provides no statutory authority for magistrates to perform adjudicative and factfinding functions. As the court noted, "with two exceptions, Congress has been careful to retain fact-finding functions in district judges. The two exceptions are evidentiary hearings in habeas corpus cases and hearings in prisoner suits challenging conditions of confinement. 28 U.S.C. § 636(b)(1)(B)." *Id.* at 98. The Court of Appeals for the Seventh Circuit adopted the *Banks* holding in a recent decision, *United States v. Curry,* 767 F.2d 328 (7th Cir.1985).

From *Banks* and from the numerous cases that have upheld the delegation to magistrates of a wide variety of procedural and administrative matters under § 636(b)(3),[1] the general principle can be distilled: functions that involve "vital and traditional adjudicatory duties" are not comprehended in the § 636(b)(3) grant of authority; functions that are essentially administrative and procedural are included. *United States v. Curry, id.* at 330, quoting H.R. Rep. No. 1609, 94th Cong., 2d Sess. 12 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 6162, 6172; S.Rep. No. 625, 94th Cong., 2d Sess. 10–11 (1976).

Issuance of an order granting a witness immunity and directing the witness to testify is clearly an administrative matter rather than a vital adjudicatory function. Under 18 U.S.C. § 6003, the decision to grant immunity is given to the prosecutor. The court's role is limited to the ministerial function of determining that the jurisdictional and procedural requirements have been satisfied. *In re Perlin,* 589 F.2d 260 (7th Cir.1978); *In re Daley,* 549 F.2d 469 (7th Cir.), *cert. denied,* 434 U.S. 829, 98 S.Ct. 110, 54 L.Ed.2d 89 (1977). The prosecutor's decision to grant immunity is not subject to question unless there is substantial evidence of abuse of discretion by the prosecutor that would result in a violation of due process. *United States v. Taylor,* 728 F.2d 930, 934–35 (7th Cir.1984). Thus, the decision to order immunity is well within the scope of those types of decisions that can be delegated under § 636(b)(3).

Citing *Taylor v. Oxford,* 575 F.2d 152 (7th Cir.1978), Cummings argues that the Court of Appeals for the Seventh Circuit takes a restrictive view of § 636(b)(3) and would not read it as permitting the issuance of immunity orders. I disagree. Although there is some restrictive language in the case, the court held only that a magistrate may not decide dispositive motions under § 636(b)(3). *Id.* at 154. That authority is withheld expressly under 28 U.S.C. § 636(b)(1)(A). In *Gilbert & Bennett Manufacturing,* the court clarified its interpretation of § 636(b)(3), stating that magistrates' duties under § 636(b)(3)

> are not to be restricted to only specific grants of authority or limited to functions delineated in section 636(b), for example, duties only related to "any pretrial matter." The only limitations on section 636(b)(3) are that the duties be consistent with the Constitution and federal laws and that they not be specifically excluded by section 636(b)(1).

*Matter of Establishment Inspection of Gilbert & Bennett Manufacturing Co.,* 589 F.2d at 1340–41.

Since the magistrates who maintain an official station at Madison have been delegated "any additional duty which is not inconsistent with the Constitution or laws of the United States" by general order

---

**1.** *See, e.g., United States v. Rivera-Sola,* 713 F.2d 866 (1st Cir.1983) (jury selection and preliminary instructions); *United States v. Miller,* 609 F.2d 336 (8th Cir.1979) (order compelling compliance with summons); *United States v. Jones,* 581 F.2d 816 (10th Cir.1978) (same); *Matter of Establishment Inspection of Gilbert & Bennett Manufacturing Co.,* 589 F.2d 1335 (7th Cir.1979) (issuance of inspection warrant).

entered December 12, 1978, and since the issuance of an immunity order falls within the general category of functions Congress has authorized magistrates to perform, the only remaining question is whether the particular provisions of the statute at issue here precluded the magistrate from directing Cummings to testify and granting him immunity.

Cummings argues that allowing a magistrate to order a grant of immunity is inconsistent with 18 U.S.C. § 6003. 18 U.S.C. § 6003(a) provides that:

> In the case of any individual who has been or may be called to testify ... before ... a grand jury of the United States, the United States *district court* for the judicial district in which the proceeding is or may be held shall issue ... an order requiring such individual to give testimony ..., such order to become effective as provided in section 6002 of this part.

(Emphasis supplied.) Cummings points out that the statute refers to a "district court" as the entity responsible for issuing the order, and that a magistrate is not the same as a district court. It is impossible to dispute this particular point. But the fact that a magistrate is not a district court is not dispositive of the question whether issuance by a magistrate of an order granting immunity, subject to *de novo* review in the district court, is inconsistent with 18 U.S.C. § 6003.

18 U.S.C. § 6003 was enacted prior to the 1976 Amendment to the Federal Magistrates Act under which 28 U.S.C. § 636(b) was enacted in its current form, Pub.L. No. 94–577, 90 Stat. 2729 (1976). Therefore, by use of the words "district court" in § 6003, Congress could not have specifically intended to preclude magistrates from issuing orders granting immunity. Nor is the issuance of such an order, subject to *de novo* review by the district court, necessarily inconsistent with § 6003. When a district judge refers a matter to a magistrate, the magistrate acts under the authority and supervision of the district judge, and the judge retains the ultimate responsibility at all times. *United States v. Raddatz*, 447 U.S. 667, 681, 100 S.Ct. 2406, 2415, 65 L.Ed.2d 424 (1980); *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). When a matter is referred to a magistrate, "jurisdiction remains vested in the district court and is merely exercised through the medium of the magistrate." *Muhich v. Allen*, 603 F.2d 1247, 1251 (7th Cir.1979). This fact is underlined by the availability of *de novo* review of the magistrate's actions. Therefore, when a magistrate issues an order granting immunity pursuant to 28 U.S.C. § 636(b)(3), the magistrate is acting on behalf of the district court and there is no inconsistency with 18 U.S.C. § 6003.

■ Although Cummings has not requested review of the merits of the magistrate's order, I will proceed to make a *de novo* determination whether the grant of immunity was proper. The procedural requirements for obtaining an order granting immunity under 18 U.S.C. § 6003(a) are set out in 18 U.S.C. § 6003(b). Under § 6003(b), a United States attorney must determine that the testimony "may be necessary to the public interest"; the individual must have refused or be likely to refuse to testify based on his privilege against self-incrimination; and the Attorney General, the Deputy Attorney General, or a designated Assistant Attorney General must approve the request. In an affidavit, United States Attorney for the Western District of Wisconsin John R. Byrnes averred that these requirements have been satisfied. Witness Cummings has not made any challenge to the accuracy or sufficiency of the affidavit. Therefore, I conclude that the magistrate acted properly in ordering witness Cummings to testify under a grant of immunity.

### ORDER

IT IS ORDERED that the magistrate's order directing witness Cummings to testify and granting Cummings immunity for his testimony is AFFIRMED.