In re GRAND JURY PROCEEDINGS Julie DZIKOWICH.

No. 85–GJ–28.

United States District Court, W.D. Wisconsin.

Oct. 22, 1985.

Grant Johnson, First Asst. U.S. Atty., Madison, Wis., for the government.

Sarah Furey Crandall, Madison, Wis., for prospective grand jury witness.

## OPINION AND ORDER

CRABB, Chief Judge.

Prospective grand jury witness Dzikowich has filed objections to the order of the United States Magistrate denying Dzikowich's motion to quash a grand jury subpoena served upon her.

As a threshold matter, Dzikowich questions whether a magistrate has authority to hear and determine a motion to quash a grand jury subpoena brought pursuant to 18 U.S.C. § 2518(10) or a claim of illegal electronic surveillance brought pursuant to 18 U.S.C. § 3504.

In *In Re the Grand Jury Appearance of William C. Cummings,* 615 F.Supp. 68 (W.D.Wis.1985), I noted that subsection (b)(3) of 28 U.S.C. § 636 does not authorize magistrates to perform "vital and traditional adjudicatory duties"; and that the grant of authority in subsection (b)(1)(A) of the same statute to hear and determine pretrial motions in civil and criminal cases does not comprehend the hearing and determining of matters related to grand jury proceedings.

In *Cummings* I held that the issuance of immunity orders was not a vital and traditional adjudicatory duty, but rather, an administrative and procedural function within the magistrate's authority to perform under § 636(b)(3). The question raised by Dzikowich is whether a decision on a motion to quash a grand jury subpoena falls into the category of "vital and traditional adjudicatory" or the second category of "administrative and procedural." Dzikowich argues that the function is adjudicatory because the motion to quash a subpoena is a dispositive motion and the assertion of a claim of illegal electronic surveillance requires a judicial officer to find facts and exercise discretion. Resolution of Dzikowich's argument requires a preliminary analysis of her claim and of her motion to quash a grand jury subpoena.

Before the magistrate Dzikowich filed both a motion to quash and a "claim" pursuant to 18 U.S.C. § 3504. She contended that the claim procedures of § 3504 created an independent right in an "aggrieved person" to require the government to affirm or deny illegal wiretaps. Dzikowich seems now to concede the correctness of the mag-

istrate's view that § 3504 is simply an adjunct to the motion to quash. It establishes the procedures to be followed, rather than serving as an independent mechanism for the determination of allegations of illegal wiretapping.[1]

In denying Dzikowich's motion to quash her subpoena, the magistrate found that Dzikowich had not made a sufficient showing that she had been the subject of illegal wiretaps as to warrant relief. He found her supporting affidavits speculative at best. Dzikowich objects to the magistrate's characterization of the threshold showing a movant must make in order to require the government to file a formal affirmance or denial of illegal wiretapping as well as to his finding that the showing she had made fell far short of that threshold. Additionally, conceding that the affidavit filed with the magistrate may have been drafted inartfully, Dzikowich has submitted supplemental affidavits for consideration on review of the magistrate's order.

■ I have made a *de novo* review of the record before the magistrate and I have reviewed the supplemental affidavits as well.[2] From this review, I reach the same conclusion as the magistrate: that the averments fail to make a colorable claim that Dzikowich was subject to illegal wire surveillance. It is immaterial whether the standard used is the same used for determining whether an evidentiary hearing is required on a motion to suppress, as the magistrate concluded from his reading of *United States v. Alter*, 482 F.2d 1016,

1025–27 (9th Cir.1973), or something less stringent.

As the magistrate noted, the affidavits of Dzikowich and her attorney are based largely on hearsay. But even ignoring their hearsay nature the affidavits and accompanying exhibits are little more than the barest form of speculation that a wiretap was made of telephone calls placed to or originating from the Robert Lowery residence at 3424 Lake Farm Road, Madison, Wisconsin, at some time after Dzikowich began living with Lowery at that address in July 1982. Such speculation does not require the government to respond, *In re Millow*, 529 F.2d 770, 775 (2d Cir.1976) or obligate the court to hold an evidentiary hearing on a motion to quash, *United States v. Alter*, 482 F.2d 1016.

However, even if Dzikowich's supporting affidavits were more substantial, she would not be entitled to an evidentiary hearing or even to an order requiring the government to affirm or deny the existence of electronic surveillance at this stage of the proceedings.

■ As the magistrate found, Dzikowich can invoke the possibility of illegal wiretaps only as a defense to a charge of contempt for refusing to answer questions put to her by the grand jury. *Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). The remedy of suppression under 18 U.S.C. § 2518(10)(a) is not available to a prospective grand jury witness. *Cali v. United States*, 464 F.2d

1. In pertinent part, 18 U.S.C. § 3504 provides as follows:

(a) In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States—

(1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act;

\*　　\*　　\*　　\*　　\*　　\*

(b) As used in this section "unlawful act" means any act the use of any electronic, me-

chanical, or other device (as defined in section 2510(5) of this title) in violation of the Constitution or laws of the United States or any regulation or standard promulgated pursuant thereto.

2. The government objects to Dzikowich's supplementation of the record, without obtaining the permission of the magistrate or requesting him to reconsider based upon the supplemental evidence. The government's objection is well taken. The supplemental affidavits are not properly before this court and should not be considered. I have considered them here only to avoid further motions and briefing on the question, as I find the evidence is unsufficient as a matter of law, even when supplemented.

**524**

475 (1st Cir.1972); *Matter of Archuleta,* 434 F.Supp. 325 (S.D.N.Y.1977).

Although Dzikowich argues that her motion to quash is grounded on her claim that the subpoena itself is based on illegal electronic surveillance and thus is different from those considered in *Gelbard,* 408 U.S. 41, 92 S.Ct. 2357 and in *Archuleta* and *Cali,* she has advanced no decision that supports her claim that in such a situation she is entitled to an evidentiary hearing before she is required to appear before the grand jury. In *In Matter of Special February 1975 Grand Jury,* 565 F.2d 407 (7th Cir.1977), the court permitted an assumption that such a claim might entitle a witness to special consideration, but did not address the matter specifically. Thus, the case is of no precedential value to Dzikowich. The prevalent view seems to be that a grand jury witness is not an "aggrieved person" within the meaning of 18 U.S.C. § 3504 or 18 U.S.C. § 2518(10)(a) until the witness has been charged with contempt or has had an indictment returned against him or her. *In re Mintzner,* 511 F.2d 471, 472 (1st Cir.1974). *See also United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (grand jury witness lacks standing to move to suppress evidence received by the grand jury, to move to quash a grand jury subpoena, or to refuse to answer questions put to him by the grand jury on the grounds that the evidence, subpoena, or questions are based upon illegally obtained evidence); *Cali v. United States,* 464 F.2d 475; *Matter of Archuleta,* 434 F.Supp. at 328.

Moreover, even if the Court of Appeals of the Seventh Circuit were to hold that there were circumstances in which a prospective grand jury witness would be entitled to an evidentiary hearing on a motion to quash a subpoena, it is certain that the court would require a more substantial showing than Dzikowich has made here in support of her allegation that knowledge of her very identity was derived from illegal wiretaps.

■ Finally, Dzikowich argues that the magistrate or the district court should search the files in other grand jury proceedings for evidence to support her contention that an illegal wiretap was conducted of Robert Lowery's residence while she was living there. In declining to do so, the magistrate acted correctly. As he pointed out, it is the movant's burden to establish the grounds for her motion; it is not the court's function to look for supporting evidence.

■ Neither is it the magistrate's obligation to follow the same procedures followed in other instances by another magistrate, in the absence of any legal requirement that he do so. Thus, the magistrate was free to decline Dzikowich's suggestion that he open the sealed files of other grand jury proceedings to see how his predecessor chose to handle allegedly similar claims by other grand jury witnesses.

■ I conclude that, in denying Dzikowich's motion to quash her grand jury subpoena, the magistrate acted within his statutory authority under subsection (b)(3) of 28 U.S.C. § 636. Because the motion to quash was without any colorable support in the law, the magistrate was not called upon to exercise any discretion in denying it.

As to the sufficiency of a claim raised under § 3504, the magistrate would have authority under § 636(b)(3) to rule on such a claim if it were raised at an appropriate stage of the proceedings. That determination involves no more than a determination of the sufficiency of a paper record, which does not involve the traditional kind of fact-finding entrusted exclusively to Article III judges, *see e.g., United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), but is similar to the reviewing of documentation supporting applications for warrants in which magistrates engage on a regular basis. *See, e.g. Matter of Establishment Inspection of Gilbert & Bennett Manufacturing Co.,* 589 F.2d 1335 (7th Cir.1979) (issuance of inspection warrant). Such actions, taken pursuant to 28 U.S.C. § 636(b)(3), are actions taken on behalf of the district court

and subject to *de novo* review by the district court. *Cummings*, 615 F.Supp. at 71.

In summary, I find and conclude that the magistrate acted within his statutory authority in hearing and determining Dzikowich's motion and claim and that his decision to deny both was correct. Therefore, I affirm his decision and deny Dzikowich's appeal.