### In The Matter of The SEARCH OF 6783 EAST SOARING EAGLE WAY SCOTTSDALE, AZ

No. 97–3471 MB (LOA).

United States District Court, D. Arizona.

Aug. 10, 2000.

## ORDER

ANDERSON, United States Magistrate Judge.

This matter arises on Petitioners' Motion To Release Grand Jury Transcript, filed on April 14, 2000. The Government opposes the disclosure to which the intervenor, Winn–Dixie Stores, Inc., ("Winn–Dixie") has joined. The issue before the Court is one of first impression: whether a magistrate judge's lawful authority to order the disclosure of grand jury testimony falls within the "pretrial duties" or "additional duties" delegated to magistrate judges under the Federal Magistrates Act (the "Act"). See, 28 U.S.C. § 636(b)(1)(A) and (b)(3), respectively.

1. Initially, Petitioner James Morrison brought this action and was later joined therein by

## BACKGROUND

This post-search warrant litigation began when Petitioners'[1] Motion To Unseal Search Warrant Affidavit was filed on February 16, 2000, over two years after a search warrant was issued on December 15, 1997 by the Hon. Barry G. Silverman, then a U.S. Magistrate Judge, and nearly 2½ years after a federal grand jury investigated matters related to that search warrant. The grand jury did not return an indictment. The Government filed a motion to seal the grand jury transcript herein on March 9, 2000, which the Court granted subject to further Court Order. The parties herein subsequently resolved by stipulation the issue regarding the disclosure of the search warrant. See, Order, dated May 16th, 2000. The only remaining, contested issue is the propriety of the disclosure of the transcript of the testimony heard by the grand jury on September 9, 1997.

## MAGISTRATE JUDGE JURISDICTION

Respondents initially argue in their formal Response To Motion To Release Grand Jury Transcript, filed April 26, 2000, that "the Magistrate Court (judge) does not have jurisdiction to entertain the motion to unseal" the grand jury transcript under 28 U.S.C. § 636. Petitioners neither filed a reply nor addressed in their motion whether a magistrate judge has the authority to disclose grand jury testimony.

The Act is silent on a magistrate judge's authority to disclose grand jury testimony. Additionally, counsel have not provided, nor has this Court's independent research discovered, any Supreme Court, circuit or district court decisions that have specifically addressed the issue before the court. Because the specific issue appears to be one of first impression, the court will analyze and discuss a magistrate judge's authority, if any, to order the disclosure of grand jury testimony by an analyzing the subject statute and related case law.

Petitioner Beth Scanlon with Court approval. See, Order, dated April 4, 2000.

As a non-Article III judge[2], a federal magistrate judge's powers and jurisdiction are found in 28 U.S.C. § 636[3] and the case law interpreting it and the breadth of their authorized duties. Additionally, 28 U.S.C. § 636(b)(4)[4] provides that each district court "shall" adopt local rules governing the duties of magistrate judges. The District Court of Arizona has adopted a Rule of Practice that expressly addresses a magistrate judge's authority on the issue before the court. Rule 1.17(d), Rules of Practice for the United States District Court for the District of Arizona, provides:

"(d) Other Duties. Subject to the Constitution and laws of the United States, the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the Court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or a court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

(2) A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

**(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.**

(The balance of the statute deals with civil and other matters not relevant to the issue *sub judice*)(Emphasis added).

---

2. Article III, Section I, of the U.S. Constitution provides: "The judicial power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behavior, and shall, at stated Times, receive for their Services a Compensation, which shall not be diminished during their Continuance in Office."

3. 636. Jurisdiction, powers, and temporary assignment

(a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment—

(1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;

(2) the power to administer oaths and affirmations, issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial, and take acknowledgements, affidavits, and depositions;

(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section;

(4) the power to enter a sentence for a petty offense that is a class B misdemeanor charging a motor vehicle offense, a class C misdemeanor, or an infraction; and

(5) the power to enter a sentence for a class A misdemeanor, or a class B or C misdemeanor not covered by paragraph (4), in a case in which the parties have consented.

(b)(1) Notwithstanding any provision of law to the contrary—

**(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except** a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of

4. "Each district court shall establish rules pursuant to which the magistrates shall discharge their duties." 28 U.S.C. § 636(b)(4)

the full-time Magistrate Judges in the District of Arizona shall perform the following duties:

\* \* \* \* \* \*

(18) Issue orders upon appropriate application for disclosure of Grand Jury information pursuant to Rule 6(e)(3)(C)(i), (ii), and (iv) [5] of the Federal Rules of Criminal Procedure."

Although given the express local authority to disclose grand jury testimony in Arizona, the analysis of a magistrate judge's authority does not end here as the specific Rule of Practice is adopted "[s]ubject to the Constitution and laws of the United States." See, *Hajek v. Burlington Northern R.R. Co.*, 186 F.3d 1105 (9th Cir.1999)(local district rule that failure to timely demand reassignment was deemed to be a waiver and consent to magistrate judge jurisdiction in a civil case held invalid to obtain consent under Article III, Section 1 of the Constitution and the Federal Rules of Civil Procedure).

Essential to this Court's constitutional analysis of magistrate judge authority is an understanding of the Act itself and the cases interpreting it. As the Supreme Court has explained:

Since its enactment in 1968, the Federal Magistrates Act has permitted district courts to assign magistrates certain described powers and duties, as well as 'such additional duties' as are not inconsistent with the Constitution and laws of the United States.

*Gomez v. United States*, 490 U.S. 858, 859–60, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). The Act was amended on several occasions to significantly broaden the scope of power that magistrate judges may exercise as "congressional concerns regarding magistrates' abilities had decreased" in their "integral important role in the Federal judicial system" in "handl[ing] subsidiary matters to enable district judges to concentrate on trying cases." *Id.* at 865—872, 109 S.Ct. 2237(outlining the evolution of the Act). Today, the Act gives magistrate judges "described power and duties" in the following areas: civil trials with the parties' consent; misdemeanor trials and sentencing with the defendant's consent; certain civil and criminal pretrial matters; and service as a special master. 28 U.S.C. § 636(a), (b)(1)-(2), (c). See, *United States v. Gomez–Lepe*, 207 F.3d 623 (9th Cir. 2000). The Act expressly limits, however, their authority in eight pretrial dispositive areas even if designated to do so by a district judge, including the prohibition that a magistrate judge may not "dismiss or quash an indictment." 28 U.S.C.

**5.** "Rule 6. **The Grand Jury**

\* \* \* \* \* \*

(3) **Exceptions.**

\* \* \* \* \* \*

**(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—**

(i) **when so directed by a court preliminarily to or in connection with a judicial proceeding;**

(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury;

(iii) when the disclosure is made by an attorney for the government to another federal grand jury; or

(iv) when permitted by a court at the request of an attorney for the government, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law.

If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

(D) A petition for disclosure pursuant to subdivision (e)(3)(C)(i) shall be filed in the district where the grand jury convened. Unless the hearing is ex parte, which it may be when the petitioner is the government, the petitioner shall serve written notice of the petition upon (i) the attorney for the government, (ii) the parties to the judicial proceeding if disclosure is sought in connection with such a proceeding, and (iii) such other persons as the court may direct. The court shall afford those persons a reasonable opportunity to appear and be heard." (Emphasis added).

§ 636(b)(1)(A).[6] Thus, the Act permits a district judge to refer "any pretrial matter" subject to the eight express prohibitions to a magistrate judge to properly hear and determine.

Although disclosure of grand jury testimony is not a specifically described duty in 28 U.S.C. § 636(a), magistrate judges have historically been actively involved in matters related to grand juries. The case law has universally affirmed magistrate judge authority in the grand jury area. Magistrate judges are authorized to accept the return of an indictment from a grand jury under Rule 6(f), FED.R.CRIM.P.; to seal the indictment under Rule 6(e)(4), FED.R.CRIM. P.; *United States v. Lakin*, 875 F.2d 168 (8th Cir.1989); *United States v. Laliberte*, 131 F.R.D. 20 (D.Mass.1990); to select and impanel a grand jury, *United States v. Diaz*, 922 F.2d 998 (2nd Cir.1990), *cert. denied*, 500 U.S. 925, 111 S.Ct. 2035, 114 L.Ed.2d 119 (1991); to deny a motion to quash a grand jury subpoena, *In re Grand Jury Proceedings Julie Dzikowich*, 620 F.Supp. 521 (W.D.Wis.1985); to direct a witness to testify before a grand jury and to grant a witness immunity from prosecution on the witness' grand jury testimony, *In re the Grand Jury Appearance of Cummings*, 615 F.Supp. 68 (W.D.Wis.1985).

In addition to the enumerated duties, the Act also contains a catch-all provision that "[a] magistrate may be assigned *such additional duties* as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(1)(3); *Gomez–Lepe*, 207 F.3d at 627. (Emphasis added). Since the 1976 amendments to the Act, the Supreme Court on two occasions has considered in detail the scope of magistrate judge authority under the "additional duties" clause. See, *Gomez*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989); *Peretz v. United States*, 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991); *Gomez–Lepe*, 207 F.3d at 628. *Go-*

*mez* and *Peretz* involved the authority of a magistrate judge to preside over jury selection. In *Gomez*, the Supreme Court held that the magistrate judge exceeded his authority when he conducted voir dire in a felony trial over the objection of defense counsel. In *Peretz*, the Court concluded that Article III and § 636(b)(3) permit a magistrate judge to supervise jury selection in a felony trial where the parties consent. *Id.* at 932, 111 S.Ct. 2661. Thus, consent of all parties is a key issue in determining whether the duty in question, especially during a trial, is one that may be properly delegated to a magistrate judge.

In the case at bar, it is undisputed that all the parties have not expressly consented to the undersigned's resolution of the subject motion. The Ninth Circuit has, however, indicated that consent is not the only factor relevant to a determination of the scope of the catch-all provision found at 28 U.S.C. § 636(b)(3). See, *United States v. Colacurcio*, 84 F.3d 326 (9th Cir. 1996). As indicated in *Colacurcio* and *Gomez–Lepe*, the test is whether disclosure of grand jury testimony is merely a subsidiary matter or a critical stage of the proceeding.

Although no bright-line test currently exists to determine if a matter is a subsidiary matter or a critical stage of the proceedings, the cases of *Colacurcio* and *United States v. Foster*, 57 F.3d 727 (9th Cir.1995), rev'd on other grounds, 133 F.3d 704 (1998)(en banc), vacated as to that ground, 525 U.S. 801, 119 S.Ct. 32, 142 L.Ed.2d 24 (1998) are helpful to the subject analysis. In *Colacurcio*, the Ninth Circuit held that a probation revocation hearing is a "critical stage" of a criminal proceeding as a defendant's probation may be revoked and a jail sentence imposed. 84 F.3d at 333. For a resolution of the question whether an additional magistrate duty constitutes a subsidiary matter or a critical stage of the proceedings, the Ninth

---

6. Arizona's Rules of Practice permit, however, a magistrate to dismiss an indictment on motion of the United States Attorney and with the consent of the defendant. See, Rule 1.17(d)(12), Rules of Practice.

Circuit in *Foster* indicated that the trial court should consider the degree of responsibility conferred upon the magistrate judge as well as the extent of interaction between judge and jury. 57 F.3d at 731. The Court in *Foster*, however, held that simply accepting and filing a jury verdict, without more, was a ministerial, subsidiary matter that did not require consent. Subsequently, the court in *Gomez–Lepe* concluded that the *Colacurcio* and *Foster* cases drew the distinction between subsidiary matters and critical stages on the court's balancing of the defendant's rights at stake, the discretion exercised and the degree of responsibility conferred, and the nature of the interactions between the judge and jury. *Gomez–Lepe* at 629.

In light of the factors summarized in *Gomez–Lepe*, this court points out the obvious fact that disclosure of grand jury testimony usually arises as a pretrial matter in a criminal case and is not a dispositive ruling on that criminal case. In this case, however, there was never an indictment nor a criminal trial as the matter arises as a result of Petitioners' filing a civil suit in the Maricopa County Superior Court nearly three years after the subject grand jury convened and conducted its inquiry. Moreover, the numerous responsibilities that magistrate judges exercise related to grand jury matters, except for the dismissal of an indictment without consent, are historically matters that have been handled by magistrate judges in their role to permit district judges to concentrate on trying cases. Although certainly helpful to a defense attorney to know the evidence and testimony that supports a finding of probable cause against a defendant in a criminal case, disclosure of grand jury testimony alone does not make conviction beyond a reasonable doubt at trial more or less likely so that one might fairly label ruling on such a motion a "critical stage" of the criminal proceedings. Of course, there is no interaction at all between the magistrate judge and the grand jury when a magistrate judge is requested to rule on whether a grand jury transcript should be disclosed.

The Second Circuit's opinion in *United States v. Diaz*, 922 F.2d 998 (2nd Cir.1990), *cert. denied*, 500 U.S. 925, 111 S.Ct. 2035, 114 L.Ed.2d 119 (1991) is helpful to appreciate the significant legal differences between the judicial responsibilities of selecting a petit jury and a grand jury as they relate to a magistrate judge's authority. In *Diaz*, the court viewed the factors highlighted by the Supreme Court's *Gomez* case as largely inapplicable in the context of grand jury selection and concluded that grand jury selection is significantly different from the selection of a petit jury. The Court stated as follows:

> "In light of the grand jury's role and the fairly routine nature of the task of selection, empaneling, and instructing the grand jury, we view the legislative history of § 636(b)(1)(A) as indicating that this is a task whose delegation to magistrates Congress intended to authorize. (history of the Act given) . . .
>
> \*    \*    \*    \*    \*    \*
>
> In sum, we are persuaded by the nature of the grand jury selection process, the role of the grand jury in the judicial process, and the other types of proceedings whose conduct by magistrates Congress plainly approved, the 'pretrial matters' in § 636(b)(1)(A) was intended to include selection and empaneling of grand jurors among functions that could properly be delegated to a magistrate. And we· are persuaded that, because adequate review is available from an Article III judge, that delegation does not violate a defendant's constitutional rights."

*Diaz*, 922 F.2d at 1004–1005.

Drawing the parallel analogy to a preliminary hearing as the *Diaz* court did, Rule 5.1(c)(1) and (2), FED.R.CRIM.P., specifically authorize a magistrate judge to disclose a recording or transcript of a preliminary hearing, conducted after a criminal complaint is filed, upon request by

defense or government counsel. Clearly, therefore, Congress likely intended to empower district judges to authorize magistrate judges to disclose grand jury transcripts as the district judges have done in the District of Arizona with the passage of Rule of Practice 1.17(d).

By contrast, where discretion is exercised, the scope of a magistrate judge's authority is construed more narrowly. See, *Gomez–Lepe*, 207 F.3d at 628; *Harris v. Folk Constr. Co.*, 138 F.3d 365 (8th Cir.1998). These cases, however, are clearly distinguishable to the issue *sub judice* as the acts performed by the magistrate judges in these cases were without the consent of all parties and involved the polling of jurors in a criminal trial and evaluating the competency of a juror in a civil trial, both deemed critical stages in each case. Here, the determination whether an appropriate showing has been made for disclosure of grand jury testimony under Rule 6(e), Fed.R.Crim.P., is similar to reviewing documentation supporting applications for warrants in which magistrate judges engage on a regular basis. *See, Cummings,* 615 F.Supp. 68 (W.D.Wis. 1985); *Matter of Establishment Inspection of Gilbert & Bennett Manufacturing Co.,* 589 F.2d 1335 (7th Cir.1979). As will be discussed hereinafter, deciding a grand jury disclosure motion does not involve the traditional kind of fact-finding entrusted exclusively to Article III judges. See, *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

■ Based upon the foregoing analysis, the court concludes that federal magistrate judges may lawfully and within the Constitution and laws of the United States pursuant to their "pretrial matter" authority under 28 U.S.C.A. § 636(b)(1)(A) and their "additional duties" authority under § 636(b)(3) disclose grand jury testimony. Congress specifically authorized district judges to experiment with the assignment to magistrate judges of functions other than those enumerated in the Act itself in aid of the business of the courts. In doing so, Congress recognized that there will be increased time available to district judges for the careful and unhurried performance of their vital and traditional adjudicatory duties, and a consequent benefit to both efficiency and the quality of justice in the Federal courts. H.R.Rep. 94–1609, 94th Cong.2d Sess., 5 U.S.Code Cong. & Admin.News, pp. 6162, 6172 (1976). Thus, this court rejects the Government's and Winn–Dixie's argument that Rule of Practice 1.17(d)(18) [7] "is an unlawful delegation of the Rule 6(e) responsibility and such orders may only be entered by Article III district court judges."

### DISCLOSURE OF GRAND JURY TESTIMONY

Rule 6(e)(3)(C), Fed.R.Crim.P., permits disclosure of "matters occurring before the grand jury . . . when so directed by a court preliminarily to or in connection with a judicial proceeding." Rule 6(e)(3)(D) establishes the appropriate procedure for disclosure. No party herein has claimed the Petitioners have followed an inappropriate procedure.

Both Petitioners and Respondents cite two of the leading cases in support of their arguments, i.e. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) and *United States v. Fischbach and Moore, Inc.,* 776 F.2d 839 (9th Cir.1985). In *Douglas Oil,* the Supreme Court set forth the reasons courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury and established the disclosure standard, known as the *Douglas Oil* standard, when the need for disclosure outweighs the public interest in secrecy.

We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. (Citations

---

7. The government's motion mistakenly cited Rule of Practice 17(d)(20) in its Response To Motion To Release Grand Jury Transcript. See, page 3 thereof.

omitted). In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by pre-serving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil,* 441 U.S. at 218–219, 99 S.Ct. 1667.

The one exception to the general rule of non-disclosure permitted by the Federal Rules of Criminal Procedure allows a federal court to direct disclosure of grand jury testimony if "preliminary to or in connection with a judicial proceeding." Rule 6(e)(3)(C)(i), FED.R.CRIM.P. Parties seeking disclosure pursuant to this exception

'must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.' *Douglas Oil,* (citations omitted). Moreover, 'as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden' under this exception. *Id.* at 223, 99 S.Ct. at 1675.

*United States v. Fischbach and Moore, Inc.,* 776 F.2d at 843.

In applying the *Douglas Oil* standard to the facts of this case, the need for secrecy is substantially reduced because the grand jury which investigated the subject matter was discharged from its duties long ago. Petitioners argue, however, that the purpose of protecting the grand jury in its deliberative process and to protect the unidentified accused "has no vitality" because the FBI has concluded its investigation, returned all seized evidence and no indictments were returned. This Court disagrees.

Even though no indictments were returned against either of the Petitioners, witnesses were nevertheless called to testify before the subject grand jury. Safeguarding grand jury witnesses' identities to reduce their hesitation to voluntarily cooperate with a grand jury investigation should not hinge on an after-the-fact result that no indictment was ultimately returned. The chilling effect on full and frank testimony, inappropriate influences and inducements on grand jury witnesses, some of reasons against disclosure, are likely to occur, if at all, before grand jury deliberations are concluded. Moreover, the fact that no indictment was returned does not totally remove the stigma that a person was the subject of a criminal grand jury investigation nor does it eliminate the possibility that the grand jury could reconvene on a later date at the government's request when more evidence may be available. In the Court's view, the fact that no indictment was returned has some weight on the issue of disclosure but not as much as the Petitioners attach to it. More importantly as the *Fishbach* case points out, "a showing of particularized need" still must be made by Petitioners even when the grand jury whose transcripts are sought has concluded its operations and even, this Court submits, if no indictments are returned. 776 F.2d at 844.

Additionally, Petitioners argue that "impeachment and to refresh recollection at trial and at deposition are in and of themselves appropriate reasons for the disclosure." Again, this Court disagrees. While it is true that the Ninth Circuit in

*Fischbach* agrees with Petitioners that the need to impeach testimony or refresh recollection during depositions can establish a compelling need for disclosure, see, 776 F.2d at 845, Petitioners have not demonstrated that a "compelling need" for disclosure exists at this time. Petitioners have only begun the state court civil proceedings. Petitioners have made no showing herein that they have diligently, but unsuccessfully, attempted through formal state discovery procedures to determine if the defendants have knowledge who may have testified before the federal grand jury, made no showing that discovery attempts by deposition or interrogatories have been undertaken to obtain the testimony of those witnesses who testified before the grand jury, made no showing that the witnesses' memories need to be refreshed or testimony impeached, and made no showing that the witnesses would not consent to the disclosure of their grand jury testimony. In short, Petitioners have not shown at this time that the grand jury testimony is needed now "to avoid a possible injustice" in the state court proceedings. See, *Fischbach*, 776 F.2d at 843.

This Court concludes that Petitioners' request for disclosure is premature. Petitioners have failed to meet the *Douglas Oil* standard by demonstrating that their need for disclosure outweighs the interest in secrecy of the grand jury process and that their request for disclosure is tailored to cover only the material needed.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion To Release Grand Jury Transcript is **DENIED** without prejudice.